UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY HAWKINS, JR., | CASE NO.   1:09-cv-01705-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 12) |
| STATE OF CALIFORNIA, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On September 28, 2009, Plaintiff Leroy Hawkins, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.) On March 23, 2010, Plaintiff voluntarily filed an amended complaint. (ECF No. 12); Fed. R. Civ. P. 15(a).  Plaintiff's First Amended Complaint is now before the Court for screening.

///

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff identifies John Doe, Director of Corrections, California Department of Corrections and Rehabilitation (CDCR) and Kathleen Allison, Warden, California Substance Abuse Treatment Facility and State Prison (CSATF) as defendants in this action. Each Defendant is being sued in his or her official capacity. (Compl. at 3.) Plaintiff alleges the following: Plaintiff is mentally disabled and unable to read or write.[1] (Id.

---

[1] It appears that the First Amended Complaint was prepared with the assistance of Ernest Brooks, a fellow inmate. (Compl. at 1, 6, 41.)

2

at 4.) Plaintiff, with an attorney, appealed the conviction leading to his incarceration. Once he exhausted his direct appeal, he undertook to challenge his conviction via a habeas corpus petition. (Id. at 5.) Plaintiff asked prison staff for assistance with his petition. A prison staffer assigned to the Developmental Disability Program at CSATF informed Plaintiff that the only assistance available was the drafting of a letter advising the court that Plaintiff wished to "'revisit' his case." (Id.) Such a letter was sent. Plaintiff never received a response. Plaintiff unsuccessfully sought further assistance with his habeas petition. (Id. at 6.)

## IV.   ANALYSIS

### A.   1983 Claims

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges that he has been denied access to the courts in violation of his First Amendment rights, the Americans With Disabilities Act (ADA), Title 15 of the California Code of Regulations § 3160(a), and the Armstrong and Clark remedial plans.

### B. Supervisory Liability

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997)

The Defendants in this action are the Warden of CSATF and the Director of the CDCR. Plaintiff does not allege that either Defendant participated in the alleged violations or were even aware of them. The First Amended Complaint contains no facts that link either Defendant to Plaintiff's inability to file his habeas petition. To state a cognizable claim, Plaintiff must allege truthful facts connecting the Defendants to the alleged

4

violations. The Court will give Plaintiff an opportunity to amend his pleadings. The succeeding sections of this order will set out the legal standards applicable to each legal theory raised by Plaintiff.

### C.    First Amendment

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351.

To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis at 351; Phillips, 588 F.3d at 655. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder

5

derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

Plaintiff alleges he is mentally disabled and unable to read or write. (Compl. at 4.) The sole accommodation provided to Plaintiff was the drafting of a letter which clearly could not and did not initiate the petition for habeas relief Plaintiff sought.

Plaintiff has adequately alleged a failure to provide the means necessary to challenge his sentence. Plaintiff's illiteracy leaves him incapable of filing a habeas petition without assistance. See Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("At the pleading stage, the right of access requires provision of attorneys or legal assistants, rather than law libraries, for institutionalized persons who lack the capacity to research the law independently."); Casey v. Lewis, 43 F.3d 1261, 1267-68 (9th Cir. 1994), cert. granted, 115 S. Ct. 1997 (1995) (legal assistants, rather than law libraries, must be provided to functionally illiterate and non-English speaking inmates); Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 855-56 (9th Cir. 1985) ("A book and a library are of no use, in and of themselves, to a prisoner who cannot read."); Hawthorne v. Mendoza-Powers, 2008 WL 1945463, *2 (E.D. Cal. May 1, 2008) (holding that a dyslexic prisoner alleging that he was denied legal assistance beyond access to law library stated a cognizable access to courts claim.)

Nevertheless, Plaintiff has failed to state a cognizable 1983 claim because he has

6

not attributed the constitutional shortcoming to any identifiable Defendant or identified any Defendant who was aware of it and failed to correct it.  Should Plaintiff choose to amend, the amended complaint must fill this void.  It also must be complete within itself without reference to any prior pleading.  Local Rule 220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  The Court will analyze the claims in any amended complaint based on the factual allegations alleged therein and will not consider allegations made in any previous complaints.

### D.    Americans With Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).  The Ninth Circuit has

held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities").

It is not clear from the pleadings whether Plaintiff indeed intends to make an ADA claim. His pleading deals almost exclusively with alleged violation of Title 15 of the California Code of Regulations § 3160(a). The allegation that the Defendants violated the ADA is a mere conclusion and, as such, insufficient to state a cognizable claim. Iqbal, 129 S.Ct. at 1949. To state a cognizable claim, Plaintiff must clearly allege facts demonstrating that because of his disability he was excluded from a service, program, or activity that he was otherwise qualified to participate in. As discussed, he must also link the named Defendants to the alleged violations.

E.   **Title 15 And Remedial Plans**

In addition to the First Amendment and the ADA, Plaintiff alleges that the Defendants violated his rights afforded under Title 15 of the California Code of Regulations § 3160(a)[2] and the Armstrong and Clark remedial plans[3].

The existence of regulations governing the conduct of prison employees does not

---

[2] That section provides: "Inmate access to the courts shall not be obstructed. Staff shall assist illiterate inmates or those physically incapable of preparing forms adopted under rules of the United States courts and the Judicial Council of California for petitions for habeas corpus or modification of custody if such an inmate requests assistance. Staff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit." 15 C.C.R. § 3160(a),

[3] The Armstrong and Clark cases are class actions brought against state officials for violation of the ADA, the Rehabilitation Act, and the Constitution by present and future prisoners and parolees suffering from certain disabilities. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1062-63 (9th Cir. 2010); Clark v. California, 739 F.Supp.2d 1168, 1173-74 (N.D. Cal. 2010). These actions are in the remedial stage and there are remedial plans in place. Id.

8

necessarily create a right to sue to enforce the regulations or recover damages based on their violation. The Court finds no authority creating or acknowledging a private right of action under Title 15. Plaintiff has provided none. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted for violation of Title 15 regulations. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. Feb. 28, 2011).

To the extent Plaintiff wishes to seek relief pursuant to the Armstrong or Clark remedial plans, he "must pursue his requests via the consent decree or through class counsel." Crayton v. Terhune, 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). "[R]emedial orders . . . do not create 'rights, privileges or immunities secured by the Constitution and the laws' of the United States." Hart v. Cambra, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997) (quoting Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986).

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed March 23, 2010;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this

/////

/////

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 27, 2012                /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE