**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEROY HAWKINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:09-cv-01705-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT BACHER'S MOTION TO DISMISS<br><br>(ECF No. 28)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Leroy Hawkins ("Plaintiff") is a prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's Second Amended Complaint (Am. Compl., ECF No. 24) and found that it stated a cognizable claim under the First Amendment of the United States Constitution against Defendant Bacher for denying Plaintiff proper court access (ECF No. 25).

Defendant Bacher has moved to dismiss Plaintiff's Second Amended Complaint under the unenumerated provisions of Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust his administrative remedies. (Def.'s Mot., ECF No. 28.) Defendant Bacher also moves to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil

Procedure 12(b)(6) for failing to state a claim upon which relief may be granted, because Defendant Bacher is entitled to qualified immunity and because Plaintiff's claim for injunctive relief is barred by his membership in the class created by Clark v. California, 739 F.Supp.2d 1168 (N.D. Cal. 2010). (Id.) Plaintiff filed an opposition. (Pl.'s Opp'n, ECF No. 36.) Defendant filed a reply. (Def.'s Reply, ECF No. 40.)

Defendant Bacher's motion is now ready for ruling.

## I. LEGAL STANDARDS

### A. Unenumerated Provisions of Federal Rule of Civil Procedure 12(b)(6)

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c). To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

### B. Federal Rule of Civil Procedure 12(b)(6)

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-679; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### C. Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993–94.

### D. *Clark v. California*

Clark v. California, 739 F.Supp.2d 1168 (N.D. Cal. 2010) dealt with a motion to terminate a settlement agreement. The settlement agreement required the State of California, the Governor, and various state officials to comply with a remedial plan designed to ensure that California prisoners with developmental disabilities were protected from injury and discrimination on the basis of their disability. (Id. at 1172.) The plan created by the settlement agreement required that disabled prisoners be properly identified; receive reading and writing assistance to allow them to participate in prison activities or programs; receive meaningful assistance in disciplinary, administrative, and classification proceedings; receive meaningful access to the prisoner grievance procedures; receive assistance with self-care and daily living activities; receive protection from abuse; and receive adequate notice of

parole conditions.  (Id. at 1178-1182.)  The court found that there were current and ongoing violations of the federal rights of disabled prisoners and as a result the settlement agreement could not be terminated.  (Id. at 1213.)

## II. PLAINTIFF'S CLAIMS

Plaintiff allegations are as follows:

Plaintiff has been diagnosed, both in and out of prison, as developmentally disabled and functionally illiterate.  He is enrolled in the Developmental Disability Program ("DDP") at CSATF/SP.  (Am. Compl. at 3.)  Defendant Bacher is assigned as the library technical assistant for the program.  (Id. at 2.)

Sometime in 2007, Plaintiff asked Defendant Bacher for help filling a habeas petition challenging his conviction. (Am. Compl. at 4.)  "Bacher informed Plaintiff that she could only 'scribe, verbatim', a letter to the Court, requesting that the Court assist Plaintiff in his legal matters, or appoint counsel on his behalf.  (Id.)  Defendant Bacher further explained that she was not allowed to do any legal research on Plaintiff's behalf, or assist him in formulating his arguments for his habeas corpus petition."  (Id.)  Defendant Bacher drafted a letter notifying an unspecified Court of Plaintiff's desire "to file a case in that Court, and outlining Plaintiff's low cognitive function.  The letter also requested that the Court appoint counsel . . . ." (Id.)

More than six months passed without a response when Plaintiff asked Defendant Bacher to draft another letter. (Am. Compl. at 4.)  Defendant Bacher complied and the Court responded, "stating that Plaintiff would first need to file a habeas corpus petition . . . ." (Id.)  "LTA Bacher informed Plaintiff that the 'letter' would be the extent of the 'assistance' that she could provide him."  (Id. at 5.)

Plaintiff concludes that he failed to receive adequate assistance in filing his habeas petition and has thus been denied access to the courts. (Am. Compl. at 3.)

## III. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Defendant Bacher is not entitled to dismissal pursuant the unenumerated provisions of Fed. R. Civ. P. 12(b)(6).  Defendant Bacher refers the Court to several grievances Plaintiff

filed in 2005 and 2009 to show that Plaintiff had the ability to file grievances despite his disability. Plaintiff argues that his disability prevented him from properly exhausting his claim.

The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. See Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939–40 (9th Cir. 2005).

Plaintiff's underlying claim is that his disability left him unable to file a legal document necessary to pursue a claim. It follows that Plaintiff would likely have similar difficulty exhausting his administrative remedies. Plaintiff's filing of other grievances in 2005, and 2009 is not particularly enlightening as to his ability to file in 2007. The relevance of those filings is something to be taken up through discovery and, if appropriate, summary judgment. At the pleading stage, where we remain in this case, the Court has no evidence as to how Plaintiff was able to file those grievances, what if any help was available to him in those years, etc.

Plaintiff has provided sufficient factual allegations to show that the grievance process was unavailable to him through no fault of his own. Defendant Bacher's motion to dismiss cannot be granted on grounds of failure to exhaust administrative remedies.

### B. Failure to State a Claim

Defendant Bacher argues that Plaintiff's action should be dismissed because Plaintiff has failed to allege a First Amendment claim against Defendant Bacher. Defendant Bacher alleges that because Plaintiff was able to file other habeas petitions, Defendant Bacher's actions could not have prevented Plaintiff from filing the habeas action at issue in this action.

As noted, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); Moss, 572 F.3d at 969. It is that very standard which the Court applies in screening a pro se prisoner complaint to

1  determine, prior to allowing it to be served, whether it states a cognizable claim.  Indeed, it
2  was that very standard which this Court applied in evaluating Plaintiff's Second Amended
3  Complaint, and it was that review which lead to the Court's conclusion that Plaintiff Second
4  Amended Complaint did state cognizable claims, i.e., the Court found that Plaintiff made
5  claims which, when taken as true for pleading purposes, would survive a Rule 12(b)(6)
6  motion.
7  Nothing has since changed.
8  Nevertheless, defendants argue that the very pleading which this Court found stated a
9  cognizable claim does not state a cognizable claim and should be dismissed pursuant to
10  Rule 12(b)(6).  The Court would prefer not to have to duplicate its efforts and explain again
11  why it reached the conclusions it did on screening, but the present motion to dismiss
12  effectively asks it to do so.  Accordingly, the Court will here address the substantive issues
13  presented by the pleading while, at the same time, inviting defendants to refocus their
14  energies and the Court's attention on a proceeding, such as a motion for summary judgment,
15  where something new can be submitted and considered.
16  As the Court previously found, inmates have a fundamental constitutional right of
17  access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d
18  652, 655 (9th Cir. 2009).  This right "requires prison authorities to assist inmates in the
19  preparation and filing of meaningful legal papers by providing prisoners with adequate law
20  libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S.
21  817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).  The right,
22  however, "guarantees no particular methodology but rather the conferral of a capability - the
23  capability of bringing contemplated challenges to sentences or conditions of confinement
24  before the courts . . . .  [It is this capability] rather than the capability of turning pages in a law
25  library, that is the touchstone" of the right of access to the courts.  Lewis, 518 U.S. at 356-57.
26  Because inmates do not have "an abstract, freestanding right to a law library or legal
27  assistance, an inmate cannot establish relevant actual injury by establishing that his prison's
28  law library or legal assistance program is subpar in some theoretical sense."  Id. at 351.

To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis at 351; Phillips, 588 F.3d at 655. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

Plaintiff alleges he is mentally disabled and unable to read or write. (Am. Compl. at 4.) The sole accommodation provided to him in his attempt to file a habeas corpus petition was the drafting of two letters neither of which sufficed to initiate a habeas petition. Indeed the second effectively confirmed that no petition had been filed. Defendant Bacher, an individual apparently charged with assisting inmates like Plaintiff, told Plaintiff that she could provide no further assistance. As a result, Plaintiff's habeas petition went unfiled.

As the Court previously found, Plaintiff has adequately alleged a failure to provide the means necessary to challenge his sentence. According to the pleadings, Plaintiff's illiteracy and diminished mental capacity leave him incapable of filing a habeas petition without assistance. Where an inmate can demonstrate that the presentation of a claim challenging the sentence or condition of confinement is being prevented because the capability of filing suit has not been provided, "he demonstrates that the State has failed to furnish adequate law libraries or adequate assistance from persons trained in the law." Lewis, 518 U.S. at 356 (citing Bounds, 430 U.S. at 828) (internal quotations omitted; emphasis in original); see also, Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("At the pleading stage, the right of access requires provision of attorneys or legal assistants, rather than law libraries, for institutionalized persons who lack the capacity to research the law independently."); Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 855-56 (9th Cir. 1985) ("A book and a

library are of no use, in and of themselves, to a prisoner who cannot read."); Hawthorne v. Mendoza-Powers, 2008 WL 1945463, *2 (E.D. Cal. May 1, 2008) (holding that a dyslexic prisoner alleging that he was denied legal assistance beyond access to law library stated a cognizable access to courts claim.)

For the same reasons as discussed above, Defendant Bacher's reference to Plaintiff's filing of other habeas petitions is not enlightening, and certainly cannot be determinative, at this stage of the proceedings.

### C. Qualified Immunity

The Court has determined that Plaintiff's allegations, when liberally construed, allege a violation of the constitutional right to court access. Defendant Bacher posits that since court records show Plaintiff was able to pursue other habeas actions, it cannot be said that Defendant Bacher prevented Plaintiff from filing and therefor violated any clearly established constitutional right. Thus, she argues, she is entitled to qualified immunity.

Again, the impact of Plaintiff filing other petitions is a matter of evidentiary concern. The Court cannot at this stage of the proceedings put that evidence in context or evaluate it.

### D. Claims Covered by *Clark*

Defendant Bacher last argument is that Plaintiff's action is barred by the ongoing settlement agreement at issue in Clark v. California, 739 F.Supp.2d 1168 (N.D. Cal. 2010). The settlement agreement found in Clark class action requires state and other officials to comply with a remedial plan intended to enable disabled inmates to be able to fully participate in prison life. (Id. at 1172.) Reviewing the actions required by the remedial plan, it does not appear that Plaintiff's claims would fall under its province. Plaintiff's action raises issues about court access, not with the prison's failure to provide disabled inmates with the ability to participate in different aspects of prison life.

Regardless, the possibility Plaintiff might qualify to be a member of a class in ongoing litigation does not bar him from pursuing independent claims for relief. See Pride v. Correa, No. 10-56036, ___ F.3d ____, 2013 WL 3742531, *5 (9th Cir. 2013) (finding that prisoner's individual claims for relief related to his medical treatment were not duplicative of an ongoing

class action and allowing Plaintiff's individual action to continue).  Here, Plaintiff's claims deal with his individual ability to file a court action, not with his access to certain prison programs. His claim does not appear to be duplicative of anything related to the remedial plan at issue in Clark.

Defendant Bacher is not entitled to dismissal of this action due to the ongoing remedial plan at issue in Clark.

### IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Bacher's motion to dismiss (ECF No. 28) be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 15, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE