IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY HAWKINS, JR. ,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | CASE No. 1:09-cv-01705-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**1) GRANT IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (ECF No. 62)**<br><br>**2) FIND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (ECF No. 60) TO BE UNTIMELY**<br><br>**3) DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 58)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Bacher, whom Plaintiff alleges violated his First Amendment right of access to the courts. (ECF No. 25.) Bacher was served and has appeared in the action. (ECF No. 30.)

On January 20, 2015, Defendant moved filed a motion for summary judgment.

(ECF No. 58.) Plaintiff filed an opposition and cross-motion for summary judgment on February 10, 2015. (ECF No. 60.) Defendant filed a reply in support of her motion for summary judgment and an opposition to Plaintiff's cross motion on March 27, 2015. (ECF No. 69.) Plaintiff filed a reply in support of his cross-motion for summary judgment on April 3, 2015. (ECF No. 70.)

In addition, Plaintiff requested the Court to take judicial notice of four documents: 1) a copy of AO 241, the standardized federal habeas corpus petition/form for persons in state custody; 2) a copy of MC-275, the standardized habeas corpus petition/form for *pro se* litigants in California; 3) excerpts from the Clark Remedial Plan; and 4) Defendants' responses to Plaintiff's interrogatories. (ECF no. 62.)

## II.     REQUEST FOR JUDICIAL NOTICE

Rule 201 of the Federal Rules of Evidence "permits a court to take judicial notice of adjudicative facts not subject to reasonable dispute." United States v. Chapel, 41 F.3d 1338, 1342 (9th Cir.1994). "Adjudicative facts are simply the facts of the particular case." Advisory Committee Notes to Fed. R. Evid. 201. "A court may also take judicial notice of undisputed matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001); accord Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). A court may take judicial notice of a public record not for the truth of the facts recited therein, but for the existence of the document. Lee, at 690. However, judicial notice "must be approached cautiously because it dispenses 'with traditional methods of proof' and removes the fact noticed from the province of the jury." Rezentes v. Sears, Roebuck & Co., 729 F.Supp.2d 1197, 1206 (D.Hawai'I 2010) (citations omitted). Accordingly, judicial notice is appropriate only when the matter is established "beyond reasonable controversy," Lee, 250 F.3d at 690; Fed. R.Evid. 201.

Three of the four documents are appropriate items to be judicially noticed. The first two documents are standardized habeas petitions – AO 241 is published by the Administrative Office of the United States Courts and MC-275 is approved by the Judicial Council of California. They are public records, and they are relevant to Plaintiff's argument in opposition to summary judgment. The Court therefore takes judicial notice of them. The excerpt of the Clark remedial plan is also a public record, and relevant to Plaintiff's argument. It appears identical to the relevant portions of the Clark plan Defendants submitted as an exhibit to their motion for summary judgment. The Court takes judicial notice of it as well.

By contrast, the fourth document, containing Defendant's responses to interrogatories, is not a matter of public record and its contents are not facts beyond the scope of reasonable controversy. Discovery documents are not generally appropriate candidates for judicial notice. See, e.g., Kaur v. Singh, No. 2:13-cv-00089 2014 WL 2208114, at *4 (E.D. Cal. May 28, 2014); Boisvert v. Li, No. 13-cv-01590 2014 WL 279915, at *4(N.D. Cal. Jan. 24, 2014). However, the interrogatory responses are sworn, relevant, unobjected to, and constitute admissible evidence. The Court will consider them.

Accordingly, the Court will recommend that Plaintiff's request for judicial notice be granted as to the standardized habeas petitions and the excerpts of the Clark remedial plan, but denied as to the responses to interrogatories.

**III.     CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant asserts that Plaintiff's cross-motion for summary judgment, included in his opposition to summary judgment, is untimely because it was filed after the dispositive motion deadline. (ECF No. 69, at 6-7.) Plaintiff contends that his cross-motion can still be

considered under Fed. R. Civ. P. 56(f), which permits the Court to grant "judgment independent of the motion" in favor of any party on grounds not raised by either. (ECF No. 70, at 8).

Plaintiff's cross-motion for summary judgment was untimely filed, and will not be addressed here as such. However, the Court will consider the points and authorities raised therein as part and parcel of Plaintiff's opposition with which it was filed..

## IV.  MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need

only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  However, "conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." Angle v. Miller, 673 F.3d 1122, 1134 n.6 (9th Cir. 2012) (citing Soremekun, 509 F.3d at 984).

**B. Factual Summary**

**The Court finds that the following facts are undisputed:**

Plaintiff is developmentally disabled and functionally illiterate.  At the time of the events giving rise to this lawsuit, he was incarcerated at the Substance Abuse Treatment Facility (SATF) at Corcoran.  There, he participated in the Developmental Disability Program (DDP). Defendant Bacher worked as a Library Technical Assistant (LTA) for the DDP program.  As an LTA, Defendant was responsible for helping inmates with cognitive and adaptive disabilities to obtain equal access to the library, law library, and related services.   She was also responsible for ensuring that inmates in the DDP program gain access to the courts to the best of their abilities.

Defendant is not an attorney, and she has not had any professional legal training or formal legal education.  However, she has gained some on-the-job understanding of legal issues facing inmates.  At times relevant here, when an inmate in the DDP program

asked for help accessing the courts, she would "scribe[1]" a letter to the court advising that the inmate was developmentally disabled and wanted to file an action. She refused to provide any other guidance or assistance in filing his action and did not generally follow up to determine what action the court took in response.

In January 2009, Plaintiff asked for Defendant's help in researching and drafting a petition for a writ of habeas corpus because he did not believe the imposition of a life sentence was fair in his case. Defendant responded by offering to "scribe" a letter to the court asking for help with Plaintiff's legal work.  Plaintiff accepted the offer, and Defendant wrote the letter for him.  Defendant did not provide any additional help to Plaintiff in filing his habeas corpus petition.

**C. Parties' Arguments**

**1.  Defendant's Arguments**

Defendant argues that her ability to assist Plaintiff in obtaining habeas relief was limited to scribing a letter asking the court to provide Plaintiff assistance in filing his petition.  She claims that any additional assistance, including legal research or filling out a habeas corpus form, would violate Cal. Code Regs., tit. 15, § 3405, which prohibits employees from assisting "an inmate or parolee in the preparation of any legal document… except as specifically authorized by the warden, superintendent or regional parole administrator," and amount to the unauthorized practice of law.  She also argues that assisting plaintiff more extensively would expose her to discipline for being over-familiar with an inmate.

In the alternative, she argues that she is entitled to qualified immunity because the right of an illiterate inmate to help in preparing forms was not then clearly

---

[1] Defendant defines "scribing" to mean "writ[ing] down exactly what the inmate says." (ECF No. 62-4, at 5.)

established.

Defendant also points out that Plaintiff has not pleaded facts meeting the three-part test for establishing injury under Lewis v. Casey, 518 U.S. 343, 354 (1996). He has not shown that he had a (1) non-frivolous legal attack on his conviction or sentence; (2) was frustrated or impeded by Defendant; (3) or suffered an actual injury as a result. See id.

Defendant further argues that Plaintiff's cross-motion for summary judgment is procedurally deficient because it was 1) filed several weeks after the dispositive motion deadline and 2) was not accompanied by a statement of Undisputed Facts citing to the evidence Plaintiff relied upon to establish those facts.

**2.  Plaintiff's Arguments**

Plaintiff argues that prisoners typically file habeas petitions, whether state or federal, using standardized forms provided to the prison by the federal judiciary or California Judicial Council. These standardized forms discourage legal analysis and case citations, and merely require the inmate to state the facts he or she believes entitle him or her to relief. Plaintiff contends that Defendant could have assisted plaintiff in "scribing" and submitting such a form without running afoul of California's prohibitions against the unauthorized practice of law. In fact, Plaintiff contends that Cal. Code. Regs. tit. 15, § 3160, which requires staff to "assist illiterate inmates or those physically incapable of preparing forms adopted under rules of the United States courts and the Judicial Council of California for petitions for habeas corpus… if such an inmate requires assistance," authorizes precisely this type of assistance.

Plaintiff also disputes that the right of illiterate inmates to help in preparing and filing petitions was not established at the time.

Plaintiff contends that he has in fact established injury– he argues that he wanted to challenge the length of his sentence pursuant to California's three-strikes law, and that because his third strike – for drug possession – was a non-violent, non-sexual offense, such a challenge would not be frivolous in light of recent Ninth Circuit precedent. He also contends that Defendant's conduct effectively prevented him from filing any habeas petition at all.

**D. Discussion**

**1. Legal Standard – Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). The importance of access to the courts is "fundamental" where a prisoner is seeking habeas relief: courts are not required to "appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief," so an inmate presenting an initial claim for habeas or post-conviction relief claim must rely on "such help as he can obtain within the prison walls or within the prison system." Johnson v. Avery, 393 U.S. 483, 485, 488 (1969). If, because of illiteracy or mental deficiency, an inmate is unable to prepare his petition on his own, he is "in effect, denied access to the courts unless such help is available." Id., 393 U.S. at 488, 496; accord Lewis, 518 U.S. at 356 (concluding that when "even an illiterate or non-English-speaking inmate shows that… the presentation of [an actionable] claim is currently being prevented, because this capability of filing suit has not been provided he

demonstrates that the State has failed to furnish… adequate assistance from persons trained in the law")

While it is true that the right of access to the courts "guarantees no particular methodology," Lewis, 518 U.S. at 356-57, the courts have, over the years, provided many examples of the ways in which prisons can assist prisoners in presenting their claims to the courts.  The Lewis court, for instance, suggested that prisons could provide "libraries with some minimal access to legal advice and a system of court-provided forms… that asked the inmates to provide only the facts and not to attempt any legal analysis." 518 U.S. at 352.  Courts have agreed that jailhouse lawyers, inmate law clerks, senior law students, paralegals, and volunteer attorneys may satisfy Bounds' mandate of "assistance of those trained in the law." Gluth, 951 F.3d at 1511-1512 (approving training program for legal assistants); see also Lindquist v. Idaho St. Bd. of Corr., 776 F.2d 851, 857 (9th Cir. 1985)(approving minimal training program for inmate law clerks); Thaddeus-X v. Blatter, 175 F.3d 378, 395-396 (6th Cir. 1999)(finding that plaintiff had made requisite showing that he needed a jailhouse lawyer in order to bring his claims).

To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis at 351; Phillips, 588 F.3d at 655. Thus, the inmate must identify a "nonfrivolous, arguable underlying claim." Christopher, 536 U.S. at 415. In addition, "the injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354.  Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas

petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

**2. Analysis**

Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that Plaintiff's allegations, taken as true, are sufficient to establish that his right of access to the courts required Defendant to do more than "scribe" a letter informing the court that Plaintiff had a disability, that Defendant failed to do more, and that Plaintiff suffered actual injury as a result. The undisputed facts here do not indicate that Defendant was entitled to qualified immunity for failing to provide more meaningful assistance. Therefore the Court recommends denial of Defendant's motion for summary judgment.

**a. Plaintiff's Right to Access the Courts Required Defendant to do More than Draft a Letter to the Court Informing it of Plaintiff's Disability.**

Since Bounds, the right of access to the courts has required "prison authorities to assist inmates in the *preparation and filing* of meaningful legal papers with adequate law libraries or adequate assistance from persons trained in the law." Lewis, 518 U.S. at 346 (citing Bounds, 430 U.S. at 828)(emphasis added). Where an inmate is illiterate or for security reasons does not have access to the library, the courts have recognized that the mere existence of a law library will not meet the inmate's right of access, and that the inmate will require more active assistance from trained staff. See, e.g., Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995); Gluth v. Kangas, 951 F.2d 1504, 1508 (9th Cir. 1991); Koershner v. Warden, 508 F.Supp.2d 849, 856 (D. Nev. 2007). At a minimum, all inmates, literate or illiterate, are entitled to the help necessary to file legal

claims and to present their grievances to the courts. Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999)(citing Lewis, 518 U.S. at 360). However, merely dispatching a letter to the court to inform it of an inmate's "inability, either mental or physical, to prepare a habeas application on his own behalf" falls "far short" of this low standard. Johnson, 393 U.S. at 489. Indeed, it is undisputed here that Defendant's letter did not enable Plaintiff to "present his grievances to the court."

Contrary to Defendant's assertions, California regulations did not prohibit Defendant from helping Plaintiff to fill in and file a habeas petition. The limitation in Cal. Code Regs., tit. 15, § 3405 on employees helping inmates to prepare legal documents is not absolute. First, it specifies that an employee may help *any* inmate with such preparation if "specifically authorized by the warden" or superintendent. Defendant has not provided evidence regarding whether such authorization was or was not provided by the warden at CSATF. Second, there is an exception where an inmate is illiterate or physically incapable of preparing the form himself. Cal. Code. Regs., tit. 15, § 3160. Section 3160 requires staff to help illiterate or physically incapable inmates if they request assistance. Under accepted canons of statutory interpretation, the court must "make every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous." In re HP Inkjet Printer Litig., 716 F.3d 1173, 1184 (9th Cir. 2013)(citations omitted); accord United States v. Neal, 776 F.3d 645, 652 (9th Cir. 2015). Here, construing § 3405 as a blanket prohibition against helping any inmate in preparing forms forms would render § 3160 meaningless, as well as create a bewildering gap in protection of the right to access the courts for inmates unable to complete forms on their own.

In addition, such a sweeping interpretation of the scope of § 3405 would counter

longstanding California law specifically holding that illiterate and uneducated inmates have a constitutional right to be assisted in the preparation of applications for relief. Brown v. Pitchess, 531 P.2d 772, 776 (Cal. 1975); In re Harrell, 470 P.2d 640, 644 (Cal. 1970)(noting that CDCR rules forbidding mutual legal assistance among prisoners were modified following Johnson to make an exception for staff to provide "assistance to inmates, who are illiterate or otherwise physically incapable, in the preparation of forms adopted under rules of the United States Courts and by the Judicial Council of California for petitions for Habeas Corpus").

Neither the Armstrong nor the Clark Remedial Plan suggests that prison staff may not assist inmates in preparing habeas petitions.  In fact, the Clark Remedial Plan (CRP), specifically states that "support services" for developmentally disabled inmates can include staff assistance in "completing any forms or documents necessary to secure any rights or benefits available to nondisabled inmates." CRP, at 8, 47 ("services may include: provision of forms – including assistance in reading and scribing them… and submission of forms/documentation to the court").  While the Armstrong Remedial Plan states that facilitating an inmate's "equal access to the court" can include providing a letter "to the court identifying the nature and severity of the inmate's disability and limitation(s)," nothing before the Court indicates that this is the only permissible means for staff to assist disabled inmates in presenting their claims.

Defendant's assertion that assisting Plaintiff in filling out a state or federal habeas form would have required her to engage in the unauthorized practice of law similarly lacks merit.  Helping Plaintiff complete a habeas petition would not have required her to conduct legal research, much less engage in unethical advocacy. Neither MC-275, the standardized habeas petition that unrepresented prisoners must file in California under

Cal. R. Ct. 8.380(a), nor AO 241, the standardized federal habeas petition for unrepresented inmates, requires the inmate to conduct legal research. In fact, both forms instruct the inmate that legal research is not necessary. (ECF No. 61-1, at 2; ECF No. 62-2, at 4.)  Similarly, both forms instruct the inmate to focus on the facts of his underlying criminal case, and the facts that he believes give rise to a valid claim for habeas relief.  Assisting Plaintiff in "scribing" such facts would have been well within the duties required of Defendant as LTA, which included "provid[ing] reading and scribing law library services as needed" and "provid[ing] reasonable access to forms." (ECF no. 58-8, at 2.)

### b.  Plaintiff was Denied Access to the Court.

Both parties acknowledge that Plaintiff is illiterate and developmentally disabled. He is not capable of reading or filling out a habeas petition on his own.  He told Defendant, who, as an LTA for the DDP program, was charged with assisting developmentally disabled inmates in gaining access to the courts, that he wanted help completing a habeas petition in order to challenge his sentence.  Defendant told Plaintiff that the only assistance she could give him was to draft a letter to the court describing his disability.  She concedes that she did not follow up on this letter, and generally had little idea about whether or by what means such letters ever resulted in inmates obtaining further assistance in filing claims. (ECF No. 63, at 6-7.)  Because Defendant did not provide additional help to Plaintiff or even indicate that additional help was possible, Plaintiff did not file a habeas petition.

### c.  Plaintiff Suffered Actual Injury.

Lewis requires an inmate claiming violation of his right to access the courts to "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."

518 U.S. at 353. A plaintiff need not show that he would have succeeded on the merits had he been able to litigate his claim, but merely that his claim was "arguable." Christopher, 536 U.S. at 415. Plaintiff's allegations, taken as true, are sufficient to establish that he suffered injury under Lewis and Christopher. Plaintiff alleges that he sought review of his third strike for possession, a non-violent offense, which resulted in the imposition of a life sentence. (ECF No. 70, at 6.) He further alleges that recent Ninth Circuit precedent would have made such a claim viable. For summary judgment purposes, the Court finds that Plaintiff has adequately alleged injury.

### d. Defendant Has Not Shown Entitlement to Qualified Immunity.

"A state officer is not protected by qualified immunity where he or she has violated a clearly established constitutional right." Phillips, 588 F.3d at 657. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was not unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001).

The right at issue in access to courts cases is whether an inmate has "meaningful access to the courts." Phillips, 588 F.3d at 657 (citing Lewis, 518 U.S. at 351). Although the Lewis court made clear that there was "no particular methodology" to ensuring meaningful access, 518 U.S. at 356, this Court concludes a reasonable officer in Defendant's position would know that more was required to provide meaningful access to the courts than sending a letter to the court. Longstanding Supreme Court precedent indicates that a state's practice of sending such letters to the Court was inadequate to satisfy illiterate inmates' constitutional rights. Johnson, 393 U.S. at 488-489. Additional California and Supreme Court precedent indicates that the right of access to the courts specifically includes assistance with preparing and filing petitions for habeas relief.

Bounds, 430 U.S. at 828; Brown, 531 P.2d at 776; In re Harrell, 470 P.2d at 644. Meanwhile, the remedial plan under which Defendant's position was created (in response to inadequacies in disabled inmates' ability to access the courts) indicated that among the services staff were to provide to disabled inmates was help completing forms and documents, giving rise to the inference that such services are considered "meaningful." Finally, Defendant's own deposition testimony suggests she was aware that her letter-writing was *not* meaningful: she stated, "To my knowledge, I've seen two or three people get help out of hundreds of letters I've sent." (ECF No. 63, at 6.) Based on the foregoing, the Court is unable to find that Plaintiff's constitutional entitlement to more assistance than a letter describing his disability was not clearly established at the time that Defendant refused to provide additional help. Therefore, Defendant is not entitled to qualified immunity.

## V.     CONCLUSION AND RECOMMENDATION

The Court finds that Defendant has not met her burden of showing an absence of an issue of triable fact. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment (ECF No. 58) be DENIED. In addition, the Court RECOMMENDS that Plaintiff's request for judicial notice (ECF No. 62) be GRANTED IN PART and DENIED IN PART, and that Plaintiff's cross-motion for summary judgment (ECF No. 60) be DISREGARDED as untimely.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 21, 2015                           /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE