IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY HAWKINS, JR., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>STATE OF CALIFORNIA, et al., <br><br>　　　　Defendants. | CASE No. 1:09-cv-01705-LJO-MJS (PC) <br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO:** <br><br>**1) GRANT IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** <br><br>**2) FIND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT TO BE UNTIMELY** <br><br>**3) DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br>**(ECF No. 71)** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendant Bacher, whom Plaintiff alleges violated his First Amendment right of access to the courts. (ECF No. 25.)

On May 22, 2015, the Magistrate Judge issued findings and recommendations to deny Defendants' motion for summary judgment, to find Plaintiff's cross-motion for summary judgment to be untimely, and to grant in part Plaintiff's request for judicial

notice. (ECF No. 71.) Plaintiff filed objections to the Court's finding that his cross-motion for summary judgment was untimely (ECF No. 75); Defendant filed objections to the Court's denial of summary judgment (ECF No. 76); and Plaintiff replied to Defendant's objections (ECF No. 77).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  The Court addresses Plaintiff's and Defendant's objections in turn.

**I.     Plaintiff's Objections**

Plaintiff argues that the Magistrate Judge should have considered his cross-motion for summary judgment because Plaintiff is entitled to summary judgment.  The Court concludes that summary judgment in favor of Plaintiff is not appropriate.  Although the Magistrate Judge found that Plaintiff's allegations, taken as true, were sufficient to support the conclusion that he had suffered actual injury under Lewis v. Casey, 518 U.S. 343, 353 (1996), the Court did not find that Plaintiff had established actual injury as a matter of law.  (ECF No. 71, at 14.)  Defendant disputes that Plaintiff suffered actual injury as a result of his inability to file a petition for habeas corpus. (Id., at 7.)  In addition, as discussed below, there is a dispute of fact regarding the type of assistance Plaintiff requested of Defendant, and therefore whether her failure to provide it amounted to an unconstitutional denial of access to the courts.  Defendant has thus raised triable issues of fact regarding Plaintiff's access to court claim, so the Court rejects Plaintiff's contention that he is entitled to summary judgment.

**II.    Defendant's Objections**

Defendant objects to the Magistrate Judge's recommendation to deny summary

judgment and qualified immunity.  Defendant argues that the Magistrate Judge mischaracterized the type of assistance Plaintiff sought from Defendant, and that Plaintiff's complaint and deposition indicate he only wanted her to perform legal research and craft legal arguments, tasks she was neither authorized nor qualified to perform. She also argues that as an individual with no legal training, she is not an appropriate defendant for an access-to-courts claim, and that she reasonably believed her offer to scribe a letter for Plaintiff was not unconstitutional.  The Court rejects these contentions.

Plaintiff's complaint does not indicate that he only asked Defendant for legal advice and research.  Rather, it indicates that he sought help from Defendant in "preparing his petition" and that she told him the only assistance she could provide was in scribing a letter to the court. (ECF No. 24, at 4.) Although Defendant acknowledges in her objections that she could have helped "scribe" a habeas petition, she does not indicate that she ever told Plaintiff this, or that Plaintiff turned down such assistance. (ECF No. 76, at 5.)  To the contrary, Defendant indicates that the only type of assistance she told Plaintiff she could provide was the scribing of a letter, the inefficacy of which she all but conceded she was aware.  (ECF No. 63, at 6.)  Therefore the Court finds that the Magistrate Judge did not misconstrue the scope of Plaintiff's claim, and agrees that there is a triable issue of fact regarding the type of assistance Plaintiff requested and the type of assistance Defendant did or did not provide.

Similarly, while there may perhaps have been other appropriate defendants for Hawkins' access-to-courts claim, this does not mean that Peggy Bacher is *not* a proper defendant: state officials, including library staff, may be liable for impeding inmates' access to the courts. See Phillips v. Hust, 588 F.3d 652, 657 (9th Cir. 2009)(prison librarian sued on access-to-courts claim). In any case, there is no requirement that

defendants in access-to-courts cases have formal legal training. See Allen v. Sakai, 40 F.3d 1001, 1005 (9th Cir. 1994)(noting that "it does not require sophisticated 'legal scholarship' to know a plaintiff's access to the courts could be hindered seriously" by denying particular services); see also, e.g., Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(plaintiff had viable access-to-courts claim against correctional officer and warden). It is disingenuous for Defendant to contend that her lack of formal legal training should alone absolve her of responsibility for Plaintiff's inability to access the court when it is undisputed that her duties explicitly required her to help developmentally disabled inmates like Plaintiff gain court access (ECF Nos. 58-2, at 2, & 71, at 5), and she concedes that it would have been "well within [these] duties" to have helped Plaintiff scribe a habeas petition, assistance it does not appear she offered to him. (ECF No. 76, at 5.)

For these same reasons, the Magistrate Judge did not err in finding that Defendant was not entitled, at the summary judgment stage, to qualified immunity. Given the Clark Remedial Plan's authorization of staff assistance in "completing any forms or documents necessary to secure any rights or benefits available to nondisabled inmates" (CRP, at 8, 47) and Defendant's agreement that scribing a petition would have been "well within" her responsibilities (ECF No. 76, at 5), there appears to be at least a material question of fact whether it was reasonable for Defendant to believe that the only assistance she could provide to Plaintiff was scribing a letter she indicated she knew was unlikely to advance his efforts to file a habeas petition.

Accordingly, it is HEREBY ORDERED that:

1) The Court adopts the Findings and Recommendations filed May 22, 2015 (ECF No. 71) in full;

2) Plaintiff's cross-motion for summary judgment (ECF No. 60) is considered untimely;

3) Defendant's motion for summary judgment (ECF No. 58) is DENIED;

4) The case is to remain open.

IT IS SO ORDERED.

Dated:   **July 8, 2015**                             **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE